## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DERLIN MORAN<br>3513 13th Street NW, Apt. 103<br>Washington, DC 20010<br><br>MILTON CEDILLO<br>3620 16th Street NW<br>Washington, DC 20010<br><br>     Plaintiffs,<br><br>v.<br><br>CNL CORP.<br>d/b/a OXFORD CAFÉ<br>1730 M Street NW<br>Washington, DC 20036<br><br>BYONG S. CHOI<br>1730 M Street NW<br>Washington, DC 20036<br><br>     Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### Introduction

1.      Plaintiffs bring this action to recover damages for Defendants' willful failure to pay Plaintiffs all wages earned, including overtime wages, in violation of: the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code §§ 32-1301 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2.      Briefly, Defendants owe each Plaintiff 1) approximately 6.25 hours of overtime pay for each week Plaintiffs worked, and 2) wages for each Plaintiff's last week of work.

**Jurisdiction and Venue**

3.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because one Defendant resides in this district, and a substantial part of the acts or omissions giving rise to Plaintiffs' claims occurred in this district.

**Parties**

5.      Plaintiffs are adult residents of Washington, DC.

6.      Defendant CNL Corp. ("CNL") is a District of Columbia corporation with its principal place of business at: 1730 M Street NW; Washington, DC 20036. CNL Corp. does business as a restaurant known as "Oxford Café." CNL Corp.'s resident agent for service of process is: Byong S. Choi; 1730 M Street NW; Washington, DC 20036.

7.      Defendant Byong S. Choi ("Choi") is an adult resident of Fairfax County, VA.

8.      At all relevant times, Byong S. Choi was an owner, officer and agent of CNL Corp. who exercised exclusive control over the operation of Oxford Café.

9.      At all relevant times, Defendants were joint employers of Plaintiff within the meaning of 29 C.F.R. § 791.2.

10.      At all relevant times, Defendants — collectively and individually —constituted enterprise(s) engaged in interstate commerce.

11.      At all relevant times, Defendants had more than two employees, and the annual gross volume of Defendants' business exceeded $500,000.00.

**Factual Allegations**

12.     At different times, Defendant Choi hired Plaintiffs to work for Defendants as kitchen

hands.

13.     Defendant Choi agreed to pay Plaintiffs $400.00 per week for 40 hours of work per week.

14.     By their conversations with Defendant Choi, Plaintiffs understood that Plaintiffs' salaries

were intended to compensate them for only 40 hours of work per week.

15.     Defendant Choi instructed Plaintiffs to be at Defendants' restaurant by 6:45 a.m. each

workday so that the restaurant would be ready to be open by 7:00 a.m.

16.     At all relevant times, Plaintiffs' job duties consisted primarily of preparing food and

cleaning the restaurant.

17.     Though Plaintiffs were hired to work 40 hours per week, they in fact worked 46.25 hours

per week in an ordinary week.

18.     Plaintiffs generally worked from 6:45 a.m. until 4:00 p.m., Monday through Friday.

19.     Plaintiffs did not receive any break during the day which they could use for their own

purposes.

20.     Plaintiffs were permitted to eat a quick lunch behind the counter of the restaurant, but

only in the minutes between customer orders.

21.     Plaintiffs were not permitted to leave the restaurant during the work day.

22.     Defendants docked Plaintiffs pay when, for whatever reason, they did not work from 6:45

a.m. until 4:00 p.m. For example, if the restaurant closed 15 minutes early one day of the week,

Defendant Choi deducted approximately $3.00 from Plaintiffs' "salary" for the week.

Defendants did not, however, pay Plaintiffs more when they worked longer than their customary

hours.

3

23.     Plaintiffs were never informed by Defendants of the formula underlying the deductions from their salary, however, Plaintiffs believe that the deductions were made at a rate of $10.00 per hour.

24.     At all relevant times, Plaintiffs were not permitted to take vacations or sick days, and they did not in fact do so.

25.     On only two occasions was one of the Plaintiffs permitted to leave the restaurant because of sickness: Plaintiff Cedillo was permitted to leave the restaurant on two occasions for a medical issue, however his pay was reduced by approximately $10.00 for each hour he was absent.

26.     Defendants first paid Plaintiffs on the Friday of their second week of work. Defendants' second weekly payment to Plaintiffs occurred on the Friday of their third week of work, and so on. In other words, each payment was for work completed in the prior week.

27.     After Plaintiffs left Defendants' employ, Defendants never paid either Plaintiff for their last full week of work.

28.     Defendants did not maintain true and accurate records of each hour, day, and week worked by Plaintiffs, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008.

29.     Defendant Choi was alone responsible for setting the terms and conditions of Plaintiffs' employment. She had the power to hire and fire Plaintiffs, and she exercised exclusive and unfettered control over how many hours Plaintiffs worked and how much Plaintiffs were paid.

30.     On information and belief, Defendants were at all times aware that they were legally required to pay the legal minimum wage.

31.     On information and belief, Defendants were at all times aware that they were legally required to pay their non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek.

32.     On information and belief, Defendants were at all times aware that they were legally required to pay their employees their promised wages for all hours worked.

Derlin Moran

33.     Defendant Choi hired Plaintiff Moran in approximately early August 2012.

34.     Plaintiff Moran worked for Defendants from approximately August 6, 2012 through November 8, 2013.

35.     In early October 2013, Plaintiff Moran informed Defendant Choi that he needed to take a few weeks off of work for a knee surgery that was scheduled November 12, 2013.

36.     Defendant Choi agreed to give Plaintiff Moran the time off. However, when Plaintiff Moran returned to the restaurant after recovering from his surgery, Defendant Choi told Plaintiff Moran that there was no longer work available for him.

37.     Plaintiff Moran's last day of work was November 8, 2013. He was effectively discharged that day.

38.     Between approximately August 6, 2012 and approximately May 5, 2013, Defendants paid Plaintiff Moran $400.00 per week in cash.

39.     Between approximately May 5, 2013 and November 3, 2013, Defendants paid Plaintiff Moran $500.00 per week in cash.

40.     For Plaintiff Moran's work between approximately August 6, 2012 and approximately May 5, 2013, Defendants owe Plaintiff Moran approximately $3,656.25 in overtime compensation.

41.     For Plaintiff Moran's work between approximately May 6, 2013 and November 8, 2013, Defendants owe Plaintiff Moran approximately $3,164.06 in overtime compensation.

42.     For Plaintiff Moran's last full week of work, Defendants owe Plaintiff Moran $500.00 in promised wages.

43.     In total, Plaintiff Moran is owed approximately $7,320.31 in earned wages.

Milton Cedillo

44.     Defendant Choi hired Plaintiff Cedillo in approximately early March 2013.

45.     Plaintiff Cedillo worked for Defendants from approximately March 4, 2013 through March 19, 2014.

46.     Plaintiff Cedillo resigned on March 19, 2014.

47.     Between approximately March 4, 2013 and approximately November 24, 2013, Defendants paid Plaintiff Cedillo $400.00 per week in cash.

48.     Between approximately November 25, 2013 and approximately January 19, 2014, Defendants paid Plaintiff Cedillo $420.00 per week in cash.

49.     Between approximately January 20, 2014 and March 9, 2014, Defendants paid Plaintiff Cedillo $440.00 per week in cash.

50.     For Plaintiff Cedillo's work between approximately March 4, 2013 and approximately November 24, 2013, Defendants owe Plaintiff Cedillo approximately $3,562.50 in overtime compensation.

51.     For Plaintiff Cedillo's work between approximately November 25, 2013 and approximately January 19, 2014, Defendants owe Plaintiff Cedillo approximately $787.50 in overtime compensation.

52.     For Plaintiff Cedillo's work Between approximately January 20, 2014 and March 19, 2014, Defendants owe Plaintiff Cedillo approximately $928.13 in overtime compensation.

53.     For Plaintiff Cedillo's last full week of work, Defendants owe Plaintiff Cedillo $440.00 in promised wages.

54.     In total, Plaintiff Cedillo is owed approximately $5,718.13 in earned wages.

## COUNT I
### FAILURE TO PAY WAGES UNDER THE DCWPCL

55.     Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

56.     Plaintiffs were "employees" within the meaning of the DCWPCL, D.C. Code § 32-1301(2).

57.     Defendants were "employers" within the meaning of the DCWPCL, D.C. Code § 32-1301(1).

58.     The DCWPCL defines "wages" to include minimum and overtime compensation. D.C. Code § 32-1301(3).

59.     The DCWPCL provides that "[e]very employer shall pay all wages earned to his employees at least twice during each calendar month, on regular paydays designated in advance by the employer." D.C. Code § 32-1302.

60.     The DCWPCL provides that "[w]henever an employee (not having a written contract of employment for a period in excess of 30 days) quits or resigns, the employer shall pay the employee's wages due upon the next regular payday or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

61.     Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiffs  all wages earned.

62.     Defendants' violations of the DCWPCL were willful.

63.     For their willful violations of the DCWPCL, Defendants are liable to Plaintiff Moran for $17,046.88 in unpaid wages and liquidated damages — plus interest, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

64.     For their willful violations of the DCWPCL, Defendants are liable to Plaintiff Cedillo for $17,247.50 in unpaid wages and liquidated damages — plus interest, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

65.     Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

66.     Plaintiffs were "employees" within the meaning of the DCMWA, D.C. Code § 32-1002(2).

67.     Plaintiffs were "non-exempt" employees within the meaning of the DCMWA, D.C. Code § 32-1004.

68.     Defendants were "employers" within the meaning of the DCMWA, D.C. Code § 32-1002(3).

69.     The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week. D.C. Code § 32-1003(c).

70.     Defendants violated the DCMWA by knowingly failing to pay Plaintiffs one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

71.     Defendants' violations of the DCMWA were willful.

72.     For their willful violations of the DCMWA, Defendants are liable to Plaintiff Moran for

$13,640.62 in overtime wages and liquidated damages — plus interest, court costs, reasonable

attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

73.     For their willful violations of the DCMWA, Defendants are liable to Plaintiff Cedillo for

$10,556.26 in unpaid wages and liquidated damages — plus interest, court costs, reasonable

attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

74.     Plaintiffs incorporates the foregoing paragraphs as if fully stated herein.

75.     Plaintiffs were "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

76.     Plaintiffs were "non-exempt" employees within the meaning of the FLSA, 29 U.S.C. §

213.

77.     Defendants were "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d).

78.     The FLSA requires employers to pay non-exempt employees one and one-half times their

regular hourly rate for hours worked in excess of 40 hours in any one work week. 29 U.S.C.

§ 207(a)(1).

79.     Defendants violated the FLSA by knowingly failing to pay Plaintiffs one and one-half

times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

80.     Defendants' violations of the FLSA were willful.

81.     For their willful violations of the FLSA, Defendants are liable to Plaintiff Moran for

$13,640.62 in overtime wages and liquidated damages — plus interest, court costs, reasonable

attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

82.     For their willful violations of the FLSA, Defendants are liable to Plaintiff Cedillo for

$10,556.26 in unpaid wages and liquidated damages — plus interest, court costs, reasonable

attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against all

Defendants, jointly and severally, on all counts, and grant the following relief:

a.      Award Plaintiffs **$34,294.38** in unpaid earned wages and liquidated damages

($56,979.00), pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.      Award Plaintiffs **$24,196.88** in unpaid overtime wages and liquidated damages,

pursuant to the DCMWA, D.C. Code § 32-1012;

c.      Award Plaintiffs **$24,196.88** in unpaid overtime wages and liquidated damages,

pursuant to the FLSA, 29 U.S.C. § 216;

d.      Award Plaintiffs prejudgment and postjudgment interest as permitted by law.

e.      Award Plaintiffs reasonable attorneys' fees and expenses incurred in the

prosecution of this action;

f.      Award Plaintiffs court costs; and

g.      Award any additional relief the Court deems just.


Date: 3/27/2014                         Respectfully submitted,

                                        /s/ Justin Zelikovitz, Esq.
                                        Justin Zelikovitz, #986001
                                        LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
                                        519 H Street, NW; Second Floor
                                        Washington, DC 20001
                                        Phone: (202) 803-6083
                                        Fax: (202) 683-6102
                                        justin@dcwagelaw.com